```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                 Criminal No. 15-52(DSD)
```

United States of America,

        Plaintiff,

v.                                                      **ORDER**

Santos Chavarria-Ortiz,

        Defendant.

This matter is before the court upon the motion by defendant Santos Chavarria-Ortiz for retroactive concurrent sentencing. Based on the record, file, and proceedings herein, and for the following reasons, the motion is denied.

In 2008, defendant was released from the custody of the State of Texas after serving time for a narcotics offense and was placed on parole. Soon thereafter, he was convicted in Minnesota of driving without a valid license. That conviction violated the terms of his parole, and the Texas Parole Board issued a warrant for his arrest. The warrant remained outstanding for several years.

In September 2015, this court sentenced defendant to 84 months' imprisonment, based on his guilty plea to reentry of a removed alien, in violation of 8 U.S.C. § 1326. The federal conviction caused him to be taken into Texas Parole Board custody. The Texas Parole Board sentenced him to nine years for the parole

violation.  Defendant has completed the state sentence and is now in the custody of the Bureau of Prisons (BOP).  He has a projected release date of June 10, 2030.

Defendant asks the court to retroactively designate his federal sentence as concurrent to his state sentence, which would result in his immediate release.  This is not something the court can do.  A court may only modify a sentence under narrow circumstances not present here: (1) compassionate release, 18 U.S.C. §§ 3582(b)(1), (c)(1)(A); (2) based on post-sentencing reduction for substantial assistance to the government, 18 U.S.C. §§ 3582(c)(1)(B); (3) on a lowering of the applicable sentencing range by the Sentencing Commission, 18 U.S.C. §§ 3582(c)(2); or to correct a clerical error or error in the record, Fed. R. Crim. P. 36.  Lacking a legal basis to allow the relief requested, the court must deny the motion.

Accordingly, **IT IS HEREBY ORDERED** that the motion for retroactive concurrent sentencing [ECF No. 43] is denied.

Dated: November 18, 2024

s/David S. Doty
David S. Doty, Judge
United States District Court